UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Donnie Ray Shannon,                                    Civil No. 11-3262 (JRT/FLN)

                Plaintiff,
   v.                                                              **REPORT AND RECOMMENDATION**

Tom Roy and Jeff Peterson,

                Defendants.

_____

Donnie Ray Shannon, Plaintiff *Pro Se*.
Angela Behrens for Defendants.

_____

**THIS MATTER** is before the undersigned United States Magistrate Judge on Defendants' Motion to Dismiss (ECF No. 17). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends that Defendants' motion be **GRANTED**.

## I.   BACKGROUND

Plaintiff Donnie Ray Shannon ("Shannon") alleges that following his release from prison he was placed on intensive supervised release ("ISR"), rather than the less restrictive standard supervised release. He alleges that he is subject to ISR conditions including house arrest, curfew, and a prohibition on contacting his ex-fiancée. Shannon brings this lawsuit pursuant to 42 U.S.C. § 1983, alleging that placing him on ISR, rather than the less restrictive standard supervised release, is a violation of his rights under the First, Fifth and Fourteenth Amendments. Defendants move for dismissal of Shannon's complaint, arguing: (1) his claims are moot because he is currently in prison; (2) his claims are not cognizable in a Section 1983 action and

must be brought as a habeas action; and (3) he failed to state any claim for which the Court may grant relief.

## II.  CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from the allegations. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002).  For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002).  Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the court finds that the facts alleged "do not permit the court to infer more

than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.*, citing Fed. R. Civ. P. 8(a)(2).

**B.     Shannon's claims are not moot.**

Defendants argue that Shannon's claims are now moot, as he is currently in prison and not subject to ISR conditions. "In general, a pending claim for injunctive relief becomes moot when the challenged conduct ceases and there is no reasonable expectation that the wrong will be repeated." *Roubideaux v. N.D. Dep't of Corr. & Rehab.*, 570 F.3d 966, 976 (8th Cir. 2009). Federal courts lack jurisdiction over cases in which, due to a change in circumstances, the parties no longer have a legally cognizable interest in the outcome of the litigation. *Id.* The Eighth Circuit has held that the claims of prison inmates for declaratory and injunctive relief to improve prison conditions were moot when the prisoners were transferred to another facility and were no longer subject to those conditions. *Id.*; *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999).

An exception to the mootness doctrine applies where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Smith*, 190 F.3d at 855 (citing *Hickman v. Missouri*, 144 F.3d 1141, 1142-43 (8th Cir. 1998)). In both *Roubideaux* and *Smith*, the court found there was no indication in the record that the inmate was likely to be transferred back to the prison that had imposed the challenged conditions. *Roubideaux*, 570 F.3d at 976; *Smith*, 190 F.3d at 855. The court found the mere possibility that the inmates might be subject to the same conditions again in the future to be too speculative a basis to bring the claims within the exception to the mootness doctrine. *Id.*

In this case, Defendants argue that Shannon's claims are moot because he is not currently on ISR. Shannon was originally released from prison and placed on ISR on May 12, 2010. (Peterson Aff. Ex. 6.)[1] Since that original release, Shannon has been re-incarcerated then re-released on ISR three times. (Peterson Aff. Exs. 8, 11, 12, 14.) Most recently, Shannon was re-incarcerated for the fourth time on March 12, 2012, following an arrest for fifth-degree assault and giving false information to a police officer. (Behrens Aff. Ex. 1.) According to the public online database maintained by the Department of Corrections (DOC), Shannon's projected release date is October 17, 2012 and his sentence expires on February 16, 2013.[2] Unlike in *Roubideaux* and *Smith*, in this case the evidence in the record shows a likelihood that Shannon will again be subject to the conditions of ISR before the expiration of his sentence. Further, it is unlikely that he would be able to fully litigate a new case prior to the expiration of his sentence. The Court finds that this case falls within the exception to the mootness doctrine for cases that are capable of repetition yet evading review. This case should not be dismissed as moot.

**C.    Shannon's claims are cognizable in a Section 1983 action.**

Defendants argue that Shannon's claims are not cognizable under Section 1983 because he is challenging the legality of his placement on ISR. Defendants argue that he must bring his claims in an action for habeas corpus. The Supreme Court has held that a prisoner in state custody cannot use a Section 1983 action to challenge "the fact or duration of his confinement"

---

[1] The Peterson Affidavit and attached exhibits were filed by Defendants in opposition to Shannon's earlier motion for a temporary restraining order. In deciding this motion to dismiss, the Court considers certain documents from that earlier filing that relate to Shannon's placement on ISR and are matters of public record. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (In considering a motion for judgment on the pleadings, "[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.").

[2] The DOC maintains a public online database that reflects the current location and status of offenders in the DOC's custody. Defendants provided a printout from the database detailing Shannon's status as of March 26, 2012 as Exhibit 3 to the Behrens Affidavit. The Court accessed the database to obtain updated status information on August 7, 2012 at http://www.doc.state.mn.us/publicviewer/Inmate.asp?OID=198924.

and to seek either "immediate release from prison" or the "shortening of his term of confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). The Court held that such claims lie at "the core of habeas corpus," which imposes the additional requirement that prisoners exhaust state remedies prior to filing a federal action, and that prisoners must therefore bring such claims in a habeas action. *Prieser*, 411 U.S. at 487, 490-491. The Supreme Court has made clear that Section 1983 actions are only barred where success in the action would spell immediate or speedier release for the prisoner or would necessarily imply the unlawfulness of a conviction or sentence. *Wilkinson*, 544 U.S. 81-82.

In this case, Shannon is not challenging the legality of his sentence or seeking immediate or earlier release from custody. Rather, Shannon is challenging the conditions imposed on him during supervised release, and seeking to be placed on standard supervised release rather than ISR. (Pl.'s Mem. at 4, ECF No. 27.) While Shannon makes the argument that the conditions of ISR are so punitive as to constitute a "second punishment" or "second sentence," he is not challenging the legality of a judicially imposed sentence. (Compl. at 2.) The relief Shannon seeks is removal of the conditions of house arrest, curfew, and limited contact with his fiancée from his supervised release plan. This is a challenge to the conditions of his confinement, rather than to the legality or duration of his sentence. Challenges to a prisoner's conditions of confinement are the proper subject of a Section 1983 action. *Preiser*, 411 U.S. at 498. Because Shannon does not challenge the legality or duration of his sentence, his action is properly brought as a Section 1983 action.

**D.     Shannon has failed to state a claim upon which the Court can grant relief.**

    **1.     Shannon's placement on ISR does not constitute an unconstitutional second punishment.**

Shannon makes several claims based on his theory that his placement on ISR, rather than on standard supervised release, is so punitive that it constitutes a "second sentence."  He asserts a double-jeopardy claim, arguing that because he has already served two thirds of his sentence in prison, his placement on ISR constitutes a "second sentence" and a "second punishment." (Compl. at 2.)  Additionally, Shannon argues that his placement on ISR violates separation of powers, because it constitutes a new sentence imposed by the executive, rather than the judicial branch. *Id.*  Finally, Shannon argues that the restrictive conditions of ISR, including house arrest and curfew, violate his right to due process.  *Id.*  All of Shannon's claims fail as a matter of law.

The Double Jeopardy Clause of the Fifth Amendment provides that no person "shall be subject for the same offense to be twice put in jeopardy of life or limb."  This clause prohibits multiple punishments for the same offense.  *United States v. Hinkeldey*, 626 F.3d 1010, 1013 (8th Cir. 2010).  Shannon argues that his placement on ISR constitutes "a second punishment which imposes a second sentence disregarding the two thirds of the sentence that the plaintiff has already served in accordance to the plea agreement rendered by the Judicial Officer at sentencing."  (Compl. at 2.)  However, under Minnesota law, Shannon's placement on supervised release is part of his original sentence, not a second additional sentence.

Minnesota law defines an "executed sentence" to consist of two parts: "(1) a specified minimum term of imprisonment that is equal to two-thirds of the executed sentence; and (2) a specified maximum supervised release term that is equal to one-third of the executed sentence."  Minn. Stat. § 244.101, subd. 1 (2010).  The legislature also specifically provided that "the commissioner may order that an inmate be placed on intensive supervised release for all or part of the inmate's supervised release or parole term."  Minn. Stat. § 244.05, subd. 6(a) (2010).  House arrest and daily curfews are specifically listed as appropriate conditions of release.

Minn. Stat. § 244.05, subd. 6(b) (2010). Shannon states in his complaint that he served two thirds of his sentence in prison prior to being placed on ISR. Shannon's placement on ISR is a part of his criminal sentence, not an additional punishment, and as such does not violate the double-jeopardy clause of the Fifth Amendment.

Shannon's argument that his placement on ISR violates the separation of powers is also premised on his theory that his placement on ISR constitutes an additional sentence or additional punishment. Shannon argues that the conditions of ISR are "so intensive that they create another Sentence & Punishment in addition to the Sentence/Punishment that plaintiff has already served." (Compl. at 2.) Shannon argues that a new sentence can only be imposed by the judicial branch, and therefore the DOC lacked the power to impose these conditions. As explained above, a term of supervised release is part of Shannon's original sentence imposed by the district court. Minn. Stat. §§ 244.05, 244.101 (2010). The Minnesota legislature has explicitly delegated authority over the conditions of supervised release, including the determination of whether to place an inmate on ISR, to the DOC. Minn. Stat. § 244.05, subd. 6(a) (2010); *see also State v. Kachina*, 744 N.W.2d 407, 408-09 (Minn. Ct. App. 2008) (holding that Department of Corrections, not district court, had authority to assign offender to intensive supervised release). Shannon's placement on ISR is part of his court imposed sentence and a valid exercise of power by the DOC under Minnesota law. Shannon has failed to state a valid separation of powers claim.

Finally, Shannon argues that his placement on ISR violates the due process clause of the Fifth Amendment. The due process clause requires the government to provide sufficient procedures before depriving a person of a protected liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569-70 (1972). Shannon's claim cannot succeed because

he has no protected liberty interest in being free from the restraints of ISR while on supervised release.

When a criminal defendant is convicted and sentenced, he is legally and constitutionally deprived of liberty interests enjoyed by other citizens. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7-8 (1979)(citing *Meechum v. Fano*, 427 U.S. 215, 224 (1976) ("Given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty.")  When Shannon was released on ISR, that release did not restore to him all of the rights and freedoms of citizens who are not serving a court-imposed sentence for a criminal conviction. The Supreme Court has held that because a criminal conviction extinguishes a convicted person's liberty right, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id.*  A state may choose to establish a system of supervised release, but it has no duty to do so. *Id.*  The Minnesota legislature has established a system of supervised release, and has charged the DOC with setting appropriate conditions of release, including placement on ISR and imposition of house arrest and a curfew. Minn. Stat. § 244.05, subd. 6 (2010).  Shannon has no liberty interest in a particular level of supervision while on supervised release beyond that granted to him under Minnesota law.  Shannon makes no argument that his placement on ISR was in violation of the law or procedures governing supervised release in the state of Minnesota.  Shannon fails to state claim upon which relief can be granted under the due process clause of the Fifth Amendment.

**2.     Shannon's placement on ISR does not involve an ex-post-facto law.**

Shannon argues that Defendants have applied an ex-post-facto law by "imposing a more severe punishment than was available at the time of the sentencing." (Compl. at 2.)  The ex post facto clause "prohibits the retroactive application of a criminal statute that changes the legal

8

consequences for a crime after it was committed." *United States v. Mueller*, 661 F.3d 338, 345 (8th Cir. 2011); U.S. Const. art. I, § 9, cl. 3. The DOC has had the authority to place offenders on ISR supervision, including imposition of the conditions of house arrest and daily curfew, since June 1, 1991. 1991 Minn. Laws ch. 258, §§ 1, 7, at 919, 924-25 (adding ISR provision, noting effective date of June 1, 1991.) Shannon committed the crime for which he is serving his sentence in 1996, well after the enactment of the ISR statute. (Peterson Aff., Ex. 4.) Shannon's claim that his placement on ISR violates the ex post facto clause fails as a matter of law.

### 3. Shannon has failed to state a claim under the First Amendment.

Shannon alleges that as a condition of his intensive supervised release plan he is not permitted to contact his former fiancé. He alleges that this prohibition violates his first amendment rights of speech, association and religion. (Compl. at 2.) Shannon has not plead any facts that would allow the Court to find that this restriction violates his free exercise of religion.

"[I]ncidental limitations on First Amendment freedoms can be sustained only if justified by a sufficiently important governmental interest which is unrelated to the affected first amendment freedom and no greater than is essential to the furtherance of that interest." *United States v. Spilotro*, 786 F.2d 808, 816 (1986) (citing *United States v. O'Brien*, 391 U.S. 367, 376-77 (1968). Many courts have recognized that conditions restricting a parolee or probationer's freedom of association further the government's dual interests of rehabilitation of offenders and protecting the public from further crime. *Spilotro*, 786 F.2d at 816 n.5 (citing *United States v. Albanese*, 554 F.2d 543, 546 (2d Cir. 1977); *Birzon v. King*, 469 F.2d 1241, 1243 (2d Cir. 1972); *United States ex rel. Means v. Solem*, 440 F.Supp. 544, 551 (D.S.D. 1977)). *United States v. Spilotro* involved a challenge to a condition of pretrial release forbidding association with any person who has been convicted of a felony. The Eighth Circuit noted in dicta that such

association conditions are regularly imposed upon parolees and probationers, and that such conditions are "reasonably and necessarily related to the substantial governmental interests in their rehabilitation and in the protection of the public from further crime." *Spilotro,* 786 F.2d at 816 n.5.

In this case, Shannon challenges a conditions of his ISR that requires he have "no direct or indirect contact with Sherrie Williams without prior documented approval of [his supervising agent]." (Peterson Aff. Ex. 8.) This was not a condition of Shannon's original release on ISR in May 2010. *Id.* While on supervised release, Shannon was twice arrested following confrontations with Ms. Williams. In October 2010, police responded to a domestic dispute at the residence Shannon shared with Ms. Williams and Shannon was arrested and charged with fifth-degree domestic assault. *Id.* This incident resulted in the revocation of Shannon's release. *Id.* The condition requiring agent permission before contacting Ms. Williams was imposed when Shannon was next released on June 13, 2011. *Id.* On June 14, 2011, Shannon was detained for making terroristic threats against Ms. Williams. When Shannon was re-released in November of 2011, he was again subject to a condition requiring him to obtain permission prior to contacting Ms. Williams. *Id.*

The Court finds that this condition is reasonably and necessarily related to the government's substantial interests in rehabilitation of Mr. Shannon and in protecting the public from further crime. Shannon has twice been arrested following confrontations with Ms. Williams while on supervised release. A restriction on Shannon's association with Ms. Williams while on ISR serves to protect Ms. Williams and to prevent Shannon from committing crimes while on ISR. Additionally, this condition is not a full ban on all contact with Ms. Williams, but a requirement that Shannon obtain permission from his agent prior to contacting her. Further,

the condition does not restrict the content of Shannon's speech and does not restrict his association on the basis of any belief or idea. Finally, the restriction will remain in effect for a limited period of time. The Court finds that this restriction serves an important government interest and that it is tailored in such a way as to impose no greater limits than are necessary to protect that interest. Shannon's First Amendment claim should be dismissed.

## IV.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1) Defendants' Motion to Dismiss (ECF No. 17) be **GRANTED**;

2) This matter be **DISMISSED with prejudice**; and

3) **JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: August 14, 2012                                              *s/ Franklin L. Noel*
                                                                                           FRANKLIN L. NOEL
                                                                                           United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 29, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.